# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SHELBY WAYNE BEST**                                                                            **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.: 1:16-cv-81-HSO-JCG**

**ALEX FORD,** *Officer at PRCJ* **et al.**                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

Based upon a review of the pleadings, record, and relevant legal authority, the undersigned recommends that this civil action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by the Court's Orders, and pursuant to 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust administrative remedies. Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies (ECF No. 27) should be granted.

## I. BACKGROUND

Plaintiff Shelby Wayne Best filed this suit while he was housed as a pretrial detainee at the Lenoir Rowell Criminal Justice Center (LRCJC) in Poplarville, Mississippi. (ECF No. 1). Plaintiff filed the Complaint *pro se* and was granted leave to proceed *in forma pauperis*. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Officer Alex Ford, Lieutenant Lisa Wayne, and Sergeant Elizabeth McGill, regarding the conditions of his confinement, namely the handling of his legal mail and the denial of yard call.

## II. DISCUSSION

A.  Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)

Plaintiff has failed to prosecute and abide by the Orders of the Court. On April 4, 2017, an Order was entered setting an omnibus hearing, which was to serve as a *Spears*[1] hearing and case management hearing. (ECF No. 22). The parties were ordered to appear. The Order was mailed to Plaintiff at his address of record via certified mail, return receipt requested. A change of address filed by Plaintiff on January 26, 2017, indicated that Plaintiff was housed at the George County Correctional, in Lucedale, Mississippi. (ECF No. 17). The envelope containing the Order was returned to the Court as undeliverable. (ECF No. 25).

On April 4, 2017, a Writ of Habeas Corpus ad Testificandum for Plaintiff was issued to the Warden of the George County Correctional Facility. An Acknowledgment of Receipt was signed by "V. Mizzelle" on April 6, 2017, and returned to the Court. (ECF No. 24).

Plaintiff failed to appear at the omnibus hearing on April 26, 2017. *See* Apr. 26, 2017, Minute Entry. On April 26, 2017, a Show Cause Order issued requiring Plaintiff to file a written response by May 10, 2017, "showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders requiring him to keep the Court apprised of his current address should not result in dismissal of this suit for failure to prosecute." (ECF No. 29). Plaintiff was also ordered to respond to Defendants' Motion for Summary Judgment Based on Failure

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

to Exhaust Administrative Remedies (ECF No. 27), which was filed shortly before the omnibus hearing. Plaintiff was "specifically warned that failure to comply with this Order will result in an immediate recommendation to the District Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (ECF No. 29). The Show Cause Order was mailed via certified mail, return receipt requested, but was also returned as undeliverable. (ECF No. 30). Plaintiff did not respond to the Show Cause Order or file a response to Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua sponte. McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link,* 370 U.S. at 629-30.

As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser

sanctions that proved to be futile." *Berry v. CIGNA/RSI,* 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds that there exists a clear pattern of delay and contumacious conduct on the part of Plaintiff. The Court has repeatedly warned Plaintiff that it is his responsibility to prosecute this case and to keep the Court apprised of his current address.

- The Court's March 3, 2016, Order stated: "The plaintiff is warned that . . . his or her failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed *sua sponte*, without prejudice, without further written notice." (ECF No. 3, at 2).

- Another Order issued March 3, 2016 stated: "Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case." (ECF No. 4, at 2).

- The Court's May 2, 2016, Order granting pauper status provided: "Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case." (ECF No. 7, at 3).

- A second Order issued on May 2, 2016, stated: "That failure to advise this Court of a change of address or failure to timely comply with any order of this Court will result in this cause being dismissed." (ECF No. 8, at 1).

- An Order issued on June 28, 2016, providing "[t]hat Plaintiff is warned that his failure to timely comply with this Order or his failure to keep this Court informed of his current address, will result in the dismissal of this case without further written notice to the Plaintiff." (ECF No. 10).
- The Court's Order issued October 14, 2016, provided: "It is Plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case." (ECF No. 14).
- The Order setting the omnibus hearing, dated April 4, 2017, stated: "Plaintiff is warned that failure to keep the Court informed of his current address or to abide by orders of the Court may result in dismissal of this lawsuit." (ECF No. 22).

There is no reason to conclude that lesser sanctions than dismissal would prompt diligent prosecution. Plaintiff is no longer at George County Correctional Center. He has not advised the Court of his current address despite being repeatedly warned that his failure to do so subjects his case to dismissal. This lawsuit should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by the Court's Orders.

B.    <u>Dismissal for Failure to Exhaust Administrative Remedies</u>

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-

134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies. A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

During the time of Plaintiff's incarceration, LRCJC had in place an administrative remedy process (ARP) through which prisoners sought formal review

of a complaint or grievance relating to any aspect of their incarceration. Inmates were informed of the procedures for the ARP through the inmate handbook. (ECF No. 27-1, at 3-19. Plaintiff signed an acknowledgement that he received of a copy of the inmate handbook. (ECF No. 27-1, at 20).

Plaintiff submitted numerous requests and some grievances, both electronically and on forms. *Id.* at 21-62. According to the undisputed summary judgment record, none of the requests or grievances regarded the allegations in this suit – the handling of Plaintiff's mail or yard call privileges. (ECF No. 27-1, at 1). Dismissal of Plaintiff's suit is therefore mandatory pursuant to 42 U.S.C. § 1997e(a).

### III. RECOMMENDATION

The undersigned recommends that this civil action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders, and pursuant to 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust administrative remedies. Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies (ECF No. 27) should be granted.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and

> submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 12th day of May, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE