## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHELBY WAYNE BEST** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:16cv81-HSO-JCG** |
| | § | |
| | § | |
| **ALEX FORD, Officer at PRCJ, _et al._** | § | **DEFENDANTS** |

### ORDER ADOPTING MAGISTRATE JUDGE'S [31] REPORT AND RECOMMENDATION; GRANTING DEFENDANTS' [27] MOTION FOR SUMMARY JUDGMENT; AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND TO ABIDE BY THE COURT'S ORDERS AND FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

This matter comes before the Court on the Report and Recommendation [31] of United States Magistrate Judge John C. Gargiulo, entered in this case on May 12, 2017, and the Motion for Summary Judgment [27] Based on Failure to Exhaust Administrative Remedies filed by Defendants Alex Ford, Lisa Wayne, and Elizabeth McGill on April 19, 2017.   Based upon the Magistrate Judge's review of the pleadings and relevant legal authority, he recommended that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders and pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies, and recommended that Defendants' Motion for Summary Judgment [27] be granted.   R. & R. [31] at 7.

For the reasons that follow, the Court finds that the Report and Recommendation [31] should adopted in its entirety as the finding of this Court,

1

that Defendants' Motion for Summary Judgment [27] should be granted, and that this case should be dismissed without prejudice.

## I.  BACKGROUND

Plaintiff Shelby Wayne Best ("Plaintiff") filed a pro se Complaint [1] in this Court on March 3, 2016, and is proceeding *in forma pauperis*.  The Complaint asserts claims pursuant to 42 U.S.C. § 1983 against certain employees of the Pearl River County Jail ("PRCJ"), namely Defendants Alex Ford, Officer at PRCJ; Lisa Wayne, Lieutenant at PRCJ; and Elizabeth McGill, Sergeant at PRCJ.  Compl. [1] at 1; Order [14] at 1.

On April 4, 2017, the Magistrate Judge entered an Order setting an omnibus hearing, which was to serve "as a *Spears*[1] hearing and a case management hearing."  Order [22] at 1.  The parties were ordered to appear, and Plaintiff was warned that "failure to keep the Court informed of his current address or to abide by orders of the Court may result in dismissal of this lawsuit."  *Id.* at 3.  The Order [22] was mailed to Plaintiff at his address of record, but the envelope containing the Order [22] was returned to the Court as undeliverable and marked "RETURN TO SENDER."  Return [25] at 1.

On April 19, 2017, Defendants filed a Motion for Summary Judgment [27] Based on Failure to Exhaust Administrative Remedies.  Defendants presented evidence that administrative remedies were available to Plaintiff, yet he failed to exhaust them prior to filing the present case.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff failed to appear at the omnibus hearing. *See* Apr. 26, 2017, Minute Entry. The Magistrate Judge entered a Show Cause Order [29] requiring Plaintiff to file a written response by May 10, 2017, "showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders requiring him to keep the Court apprised of his current address should not result in dismissal of this suit for failure to prosecute." Order [29] at 1. Plaintiff was "specifically warned that failure to timely comply with this Order will result in an immediate recommendation to the District Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." *Id.* The Show Cause Order [29] was mailed via certified mail return receipt requested, but was also returned undelivered. Return [30] at 1.

Plaintiff did not respond to the Show Cause Order [29]. On May 31, 2017, the Magistrate Judge entered his Report and Recommendation [31], recommending that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders and pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies, and further recommending that Defendants' Motion for Summary Judgment [27] be granted. R. & R. [31] at 7. The Report and Recommendation [31] was mailed to Plaintiff on May 12, 2017, via certified mail return receipt requested, and was returned to the Court as undeliverable. Return [32] at 1. The envelope was marked "Paroled 2/22/17 RTS." *Id.*

Any objection to the Magistrate Judge's Report and Recommendation [31]

was due within fourteen (14) days of service.   L.U. Civ. R. 72(a)(3).   To date,

Plaintiff has not filed any objection to the Magistrate Judge's Report and

Recommendation [31].

## II.   DISCUSSION

Where no party has objected to the Magistrate Judge's Report and

Recommendation, the Court need not conduct a de novo review of it.   28 U.S.C. §

636(b)(1) ("a judge of the court shall make a de novo determination of those portions

of the report or specified proposed findings and recommendations to which objection

is made").   In such cases, the Court applies the "clearly erroneous, abuse of

discretion and contrary to law" standard of review.   *United States v. Wilson*, 864

F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the

Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of

discretion or contrary to law.   The Court will adopt the Magistrate Judge's Report

and Recommendation [31] as the opinion of this Court, and this civil action will be

dismissed without prejudice for Plaintiff's failure to prosecute and to abide by the

Court's Orders and for Plaintiff's failure to exhaust available administrative

remedies.

Even under a de novo review, the result would not change.   This Court has

the authority to dismiss an action for a plaintiff's failure to prosecute under Federal

Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action

sua sponte.   *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962);

*McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link*, 370 U.S. at 629-30.

Plaintiff has not kept the Court apprised of his mailing address, even after being warned numerous times that failure to do so would be deemed a purposeful delay and contumacious act that may result in the dismissal of his case. *See, e.g.,* Order [3] at 2; Order [4] at 2; Order [7] at 3; Order [8] at 1; Order [10] at 1; Order [14] at 3; Order [22] at 3. Such inaction represents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue this case. Dismissal is warranted.

Moreover, Plaintiff has failed to exhaust available administrative remedies prior to filing suit, which mandates dismissal of his claims. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") requires prisoners to exhaust 'such administrative remedies as are available' prior to filing a § 1983 action regarding prison conditions." *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) (quoting 42 U.S.C. § 1997e(a)). The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).

Defendants have presented evidence that Plaintiff failed to exhaust his available administrative remedies related to his claims presented in this case prior

to filing this lawsuit. *See, e.g.,* Aff. of Julie Flowers [27-1] at 1-2. Plaintiff has not submitted any competent summary judgment to rebut this showing. The Court finds that dismissal of Plaintiff's claims for this reason is warranted as well, and Defendants' Motion for Summary Judgment [27] should be granted. *See* Fed. R. Civ. P. 56(a).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [31] of United States Magistrate Judge John C. Gargiulo, entered in this case on May 12, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [27] Based on Failure to Exhaust Administrative Remedies filed by Defendants Alex Ford, Lisa Wayne, and Elizabeth McGill on April 19, 2017, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and to abide by the Court's Orders and for Plaintiff's failure to exhaust available administrative remedies. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE